LUCIUS LAWSON, APPELLANT, *v.* THE TOWN OF WOODSTOCK, RESPONDENT.

*Practice — when an action may be continued in the name of the original plaintiff after he has made a general assignment — Code of Civil Procedure, secs. 449, 756.*

The plaintiff having, after the commencement of this action, made a general assignment for the benefit of his creditors, the defendant obtained an order staying all proceedings herein until the assignee should cause himself to be substituted as plaintiff. On the hearing at Special Term the assignee opposed the application.

*Held*, that the order was improperly granted and that it should be reversed.

The provision of section 449 of the Code of Civil Procedure, requiring an action to be prosecuted in the name of the real property in interest, is modified by section 756 thereof, which allows an action to be continued in the name of the original party, although he may have transferred his interest therein to another person.

APPEAL from an order made at Special Term upon the motion of the defendant, and in opposition to the objections of the plaintiff, staying all proceedings in the action until the plaintiff's general assignee should be substituted as plaintiff.

*Wm Lounsbery*, for the appellant.

*John E. Van Etten*, for the respondent.

BY THE COURT:

Since the commencement of this action the plaintiff has made an assignment for the benefit of his creditors to one De Witt. The defendant has thereupon obtained an order staying all proceedings until De Witt shall cause himself to be substituted as plaintiff. The plaintiff appeals.

It is possible that where the cause of action has been absolutely transferred an order of this kind would do no injustice. But that is not the present case. The plaintiff is still interested in the claim, if anything is collected it will go to pay the plaintiff's debts. Should there be a surplus under the assignment, that surplus would return to the plaintiff. On the other hand De Witt has no personal interest in the matter and may be reluctant to become a party to the litigation. He objected to this application on the hearing at Special Term. If he should refuse altogether to make himself a party, then the action would be forever stayed. This seems to be unjust. The plaintiff, even if he were irresponsible, would not by that fact be prevented from commencing the action. Why should he be prevented by such irresponsibility from proceeding with it?

Furthermore, under the present Code the plaintiff's attorney has a lien on the claim. It is not just to deprive him of this by staying the proceedings until De Witt be made a party plaintiff, when De Witt objects to becoming such a party.

Under the Code (§ 756,) the action may proceed in the name of the original party. That then is his privilege in spite of the transfer. If the assignee desires to come in he may be substituted; but if he does not, we think it is not in accord with that section to prevent the original party from proceeding in his own name. The provision that an action must be prosecuted in the name of the party in interest is evidently modified by the section last cited.

Order reversed, with ten dollars costs and printing disbursements, and motion denied with ten dollars costs.

Present — LEARNED, P. J., and LANDON, J.; WESTBROOK, J., not sitting.

So ordered.